# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TOMMIE L. CARTER,

            Plaintiff,

v.

SIEANNA EDWARDS,

            Defendant.

Case No. 20-CV-648-JPS

**ORDER**

On April 24, 2020, Plaintiff, a prisoner proceeding *pro se*, filed a complaint alleging that on April 21, 2020, his constitutional rights were violated at Green Bay Correctional Facility. (Docket #1). Before this case proceeds any further, the Court must dismiss it because it is clear from the face of the complaint that Plaintiff has failed to exhaust his administrative remedies.

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. There are two steps an inmate must take to exhaust their administrative remedies under the ICRS. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct the issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10). If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority will affirm or dismiss the complaint in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. Upon receiving the Secretary's decision, or after ninety days from the date the Secretary received the recommendation, the inmate's administrative remedies are exhausted. *Id.* § DOC 310.13(4).

A mere three days had passed between the alleged violation and the filing of the federal complaint. That is not enough time for an inmate complaint examiner to respond to an inmate's complaint, much less for

Page 2 of 3
Case 2:20-cv-00648-JPS   Filed 04/30/20   Page 2 of 3   Document 3

Plaintiff to appeal the determination. Plaintiff must exhaust his administrative remedies before seeking recourse in federal court.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust his administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge